UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE STEVENSON,

       Plaintiff,                            Case No.  06-10327

v.                                       District Judge Marianne O. Battani
                                             Magistrate Judge R. Steven Whalen

CORRECTIONS MEDICAL SERVICES,
individual and official capacity, et al.,

       Defendants.
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S
CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Jermaine Stevenson, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), has filed a civil rights complaint in this District pursuant to 42 U.S.C. §1983. He seeks declaratory relief and monetary damages based on allegations of deliberate indifference to his medical needs, in violation of U.S. Const. Am. VIII.

Before the Court is Defendants Levin and Schneeberger's Motion to Dismiss, or in the Alternative, for Change of Venue [Docket #19]. For the reasons set forth below, the Court will grant Defendants' request to change venue, and transfer this case to the United States District Court for the Western District of Michigan.

**I.    DISCUSSION**

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. §1391(b); *Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990).

In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. 28 U.S.C. §1404(a). *See also United States v. P.J. Dick, Inc.*, 79 F.Supp.2d 803, 805-806 (E.D. Mich. 2000); *Weatherford v. Gluch*, 708 F.Supp. 818, 819-20 (E.D. Mich. 1988); *Niemi v. NHK Spring Co. Ltd.,* 276 F.Supp.2d 717 (E.D. Mich. 2003). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr*, 36 F.Supp.2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer venue under 28 U.S.C. §1404(a) include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the location of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F.Supp.2d 809, 911 (E.D. Mich. 2000).

The events that gave rise to this Complaint are alleged to have occurred substantially in the Western District of Michigan, while Plaintiff was an inmate at the Muskegon Correctional Facility and the Brooks Correctional Facility, which is also located in Muskegon, Michigan.[1]  In addition, the Complaint itself alleges that all remaining Defendants,[2] with the possible exception of one partially unnamed physical therapist, reside in the Western District of Michigan.  Specifically, ¶¶ 5-11 of the Complaint state as follows regarding the residence of the Defendants:

Correctional Medical Services (CMS): Okemos, Michigan.

Dr. Levine: Muskegon, Michigan.

Dr. Shneiberger: Muskegon, Michigan.

Nurse Burdette: Muskegon, Michigan.

Nurse Wilkerson: Muskegon, Michigan.

Dr. Royster: Muskegon, Michigan.

The Complaint contains a claim against a physical therapist (or possibly a nurse) identified only as "Ashley," who is alleged to have treated the Plaintiff at the Duane Waters Hospital in Jackson, Michigan, which is in the Eastern District.  However, documentation attached to the Complaint indicates that on July 15, 2004, "Ashley" was working under

---

[1] The Plaintiff is currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan.

[2] On February 10, 2006, Defendants Michigan Department of Corrections and Mary Berghuis were dismissed for Plaintiff's failure to state a claim against them.  *See* Docket #4.

-3-

instructions from Defendant Burdette, who was a nurse at the Brooks facility in Muskegon, so it is far from clear that she resides in the Eastern District. In addition, on March 15, 2006, a waiver of service on Defendant "Ashley" was returned unexecuted by the Litigation Coordinator at Duane Waters Hospital, who wrote, "I received the attached notice of lawsuit on February 23, 2006 for 'ASHLEY' and I am returning it because we do not have an employee by the name of 'ASHLEY.'" (Docket #9).

Thus, not only has the Plaintiff failed to show that Defendant "Ashley" resides in the Eastern District of Michigan, but she has not even been served within the time limit set forth in Fed.R.Civ.P. 4(m), and is therefore subject to dismissal in any event.[3] As to the Defendants who have been properly served, *all* reside in the Western District of Michigan.

Since the cause of action arose in the Western District, and all fully identified and properly served Defendants reside in the Western District, venue properly lies in that District, under 28 U.S.C. §1391(b). In addition, and as an independent basis for granting the Defendants' motion, the Court concludes that based on the factors set forth in *Overland*, including the convenience of the parties and witnesses as well as trial efficiency and the interests of justice, this case must be transferred to the Western District of Michigan. In cases in which a plaintiff's claims may require testimony or files that can most easily be obtained at or near the place where he was incarcerated when the cause of action accrued,

---

[3] Plaintiff also names as a Defendant Nurse Overture, but does not state where he/she resides. It appears from the Complaint that her alleged actions took place at the Brooks Facility in the Western District. Like "Ashley," Defendant Overture has not been served and is subject to dismissal under Rule 4(m).

-4-

"the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia*, 267 F.Supp.2d 15, 20-21 (D.D.C. 2003) (*quoting starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974).

## II.   ORDER

Accordingly, it is hereby ORDERED that Defendants' Motion for Change of Venue [Docket #19] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. §1404(a).

S/R.  Steven Whalen<br>
R.  STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  February 28, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2007.

S/G. Wilson<br>
Judicial Assistant